UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT FOLLANSBEE, on behalf of
JAMES FRANKLIN FOLLANSBEE,
Deceased

    Plaintiff,

v.                                                  Case No:   6:13-cv-963-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Robert Follansbee, on behalf of his deceased son, James Franklin Follansbee[1], appeals to the Court from a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB").[2]  He contends that the administrative law judge ("ALJ") failed to apply the proper legal standards to the medical opinion evidence and did not properly consider the side effects caused by Plaintiff's medication.   For the reasons that follow, I respectfully recommend the Court reverse and remand the Commissioner's final decision.

### Background

Plaintiff was born in 1966 and had a tenth grade education.   (Tr. 32, 34).   His relevant past work history included work as a short order cook and as a maintenance

---

[1] Depending upon the context in which it is used, "Plaintiff" means James Franklin Follansbee, deceased, or his father, Robert Follansbee.
[2] Before he died, Plaintiff also appealed the denial of his claim for Supplemental Security Income ("SSI").   Mr. Follansbee acknowledges that he cannot substitute for his son in connection with the claim for SSI and that this Court only has jurisdiction over the claim for DIB.   See 42 U.S.C. § 1383(b091)(A); 20 C.F.R. § 416.542(b)(1).   (Doc. 22 at 1).

repairman. (Tr. 21). He met the insured status requirements of the Social Security Act ("Act") through December 31, 2007. (Tr. 57). In 2001, Plaintiff fell off a fourth story balcony and landed on his head. (Tr. 312, 428). His injuries included broken ribs and a punctured lung, and he was prescribed a cane. (Tr. 44, 312, 428). In 2010, Plaintiff applied separately for DIB and SSI, alleging disability beginning on November 15, 2002. (Tr. 12). His application was denied initially and on reconsideration. (Tr. 68-71). He requested an administrative hearing, which was held on March 19, 2012. (Tr. 29-60). Plaintiff and a vocational expert testified at the hearing. (Id.).

Pursuant to 29 C.F.R. § 416.920(c), the ALJ found Plaintiff's severe impairments consisted of status post fall, muscle spasms, and chronic pain syndrome. (Tr. 14). The ALJ also determined that Plaintiff's impairments did not meet or medically equal any of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 16). Despite his impairments, the ALJ concluded that Plaintiff still had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following additional restrictions: the [Plaintiff] requires a sit/stand option every hour and he requires a cane to ambulate. He can occasionally climb stairs, balance, stoop, or kneel; but never climb ropes, ladders, or scaffolds, crouch, or crawl. He is limited to frequent, rather than constant, reaching in all directions, fingering, or feeling and occasional pushing/pulling and handling objects, meaning seizing, holding, and grasping. The [Plaintiff] must avoid all exposure to extreme heat and cold, fumes, odors, dusts, and gases; and must avoid moderate exposure to wetness, humidity, noise, vibration, and hazards such as machinery and heights.

(Tr. 14).

Based on the vocational expert's testimony, the ALJ found that Plaintiff could

perform work as a surveillance system monitor or call out operator and that he was not disabled at any time from his alleged onset date until the ALJ's April 10, 2012 decision. (Tr. 9-23).   Plaintiff's request that the Appeals Council review the ALJ's decision was denied on April 9, 2013.   (Tr. 1, 7).   Plaintiff has exhausted his administrative remedies, and this action is timely.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.   Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).   The ALJ's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla but less than a preponderance.   It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."   Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).   When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).   The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]"   Id.   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applies the law or fails to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Serv's, 21 F.3d 1064, 1066 (11th Cir. 1992). When it reviews the Commissioner's final decision, the Court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

## Discussion

On November 9, 2011, almost two years after the expiration of his coverage under the Act, Plaintiff saw consulting physician Dr. Alvan Barber. (Tr. 564-578). Dr. Barber examined Plaintiff and wrote in his medical source statement that Plaintiff was limited to occasionally lifting and carrying up to 10 pounds; standing and walking for 15 minutes without interruption every hour; sitting for one hour at a time without interruption; standing and walking for a total of one hour in an 8-hour work day; sitting for a total of six hours in an 8-hour work day; requiring the use of a cane to ambulate; occasionally reaching, handling, pushing/pulling; frequently reaching overhead, fingering, feeling; never operating foot controls with his right foot; only occasionally operating foot controls with his left foot; never climbing ladders or scaffolds; never crouching or crawling; only occasionally climbing stairs and ramps and only occasionally balancing, stooping, and kneeling; never being exposed to unprotected heights, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat or operating a motor vehicle; and only occasionally being exposed to humidity and wetness, vibrations, and moving mechanical parts. (Tr. 573-77).

A medical opinion is any statement by a physician reflecting judgments about the nature and severity of a claimant's impairments—including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). An ALJ must explain with particularity the weight she gives different medical opinions. Id.; see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987); McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006); Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). "Therefore, when the ALJ fails to state 'with sufficient clarity' the grounds for his evidentiary decisions, [the Court] will not affirm 'simply because some rationale might have supported the ALJ's conclusion," and [will] instead remand 'for further findings at the administrative hearing level." Dempsey v. Comm'r of Soc. Sec., 454 F. App'x 729, 732 (11th Cir. 2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1514-16 (11th Cir. 1984)).

When considering the opinion of a consultative examiner, the ALJ is required to consider and weigh the medical source in its entirety, in accordance with 20 C.F.R. §§ 404.1527(c) and 416.927(c). 20 C.F.R. §§ 404.1527(c); 416.927(c); see e.g., Webster v. Barnhart, 343 F. Supp. 2d 1085, 1093 (N.D. Ala. 2004) (remanding, in part, because "[t]he ALJ failed to include the entire opinion of [the] consultant [physician] which specifically stated plaintiff's ability to lift, carry, and manipulate small objects.").

Despite the fact that Dr. Barber's evaluation came well after Plaintiff ceased to be covered under the Act, the ALJ gave "significant weight to Dr. Barber's conclusions

- 5 -

insofar as they reflect the [Plaintiff's] functional abilities." (Tr. 21). The ALJ credited Dr. Barber's opinions because he is a specialist who based his opinions on a comprehensive examination of the Plaintiff and his report was consistent with the symptoms Plaintiff reported to his treating physicians. (Id.). The ALJ went on to say Plaintiff's RFC comports with Dr. Barber's report, but this is not true. (Id.). As the Commissioner concedes, the physical limitations Dr. Barber placed on Plaintiff are more restrictive than Plaintiff's RFC. (Doc. 24 at 7). Specifically, Dr. Barber opined that Plaintiff was capable of "standing or walking one hour each in an eight-hour workday, 15 minutes at a time." (Tr. 20, 574). In formulating Plaintiff's RFC, the ALJ found that he "requires a sit/stand option every hour and he requires a cane to ambulate." (Tr. 14).

The Commissioner argues that the ALJ's less restrictive assessment of Plaintiff's need to change positions is an implicit rejection of that part of Dr. Barber's opinion. (Doc. 24 at 7). I respectfully disagree. It is impossible to tell from reading the ALJ's decision why the Plaintiff's RFC is inconsistent with Dr. Barber's medical source statement. Where an ALJ fails to sufficiently explain how he reached his decision, the Court may not speculate. Kahle v. Comm'r of Soc. Sec., 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (quoting Monte v. Astrue, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720 at *6 (M.D. Fla. Jan. 28, 2009)).

Assuming the ALJ did intend to reject part of Dr. Barber's opinion, the ALJ failed to provide the reasoning underlying this decision. The Eleventh Circuit requires the ALJ to state "with particularity" the weight given to different medical opinions, and if he chooses to reject an opinion he must provide the reasons why. McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006). Here, the ALJ made no mention of the conflict between Dr. Barber's opinion and the RFC and stated, incorrectly, that the opinion and

the RFC were in agreement.

The Commissioner argues that the ALJ's error is harmless because Dr. Barber's consultation occurred after the expiration of Plaintiff's DIB insured status. This argument ignores the fact that the ALJ afforded "significant weight" to Dr. Barber's opinion and incorporated the remainder of Dr. Barber's findings into Plaintiff's RFC. If, as the Commissioner seems to argue, Dr. Barber's medical opinions are untimely and therefore inapplicable, then the ALJ should not have relied upon them to formulate Plaintiff's RFC.

For these reasons, I respectfully recommend that the Court reverse the Commissioner's decision. Plaintiff's remaining arguments focus on the ALJ's alleged errors in (a) failing to apply the correct legal standard to other medical opinions and (b) failing to properly consider Plaintiff's side effects from medication. Because remand is required on the first issue raised by Plaintiff, it is unnecessary to consider these additional objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

Plaintiff argues that the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Therefore, Plaintiff concludes, this case should be remanded for an award of DIB. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). He says granting this relief will prevent further delay and hardship to Plaintiff's family. (Doc. 22 at 21). The Commissioner argues that if the Court finds for Plaintiff, then remand for additional fact-finding, not for the payment of benefits, is the appropriate remedy. The Supreme Court has held that when an agency makes an error in administrative adjudication, the normal remedy is to remand the case to the agency for further proceedings. See I.N.S.

v. Ventura, 537 U.S. 12, 16 (2002) (per curiam) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation and explanation.) I am not convinced beyond doubt that Plaintiff was disabled. Upon remand, the ALJ will have an opportunity to explain the rationale for excluding part of Dr. Barber's opinion from Plaintiff's RFC, and the ALJ may do a better job of addressing Plaintiff's other concerns. Therefore, I respectfully recommended the Court reverse and remand this case to the Commissioner for further administrative proceedings.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

3. Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**Respectfully submitted** in Orlando, Florida on June 17, 2014.

*signature*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record