UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT FOLLANSBEE O/B/O JAMES
FRANKLIN FOLLANSBEE,

      Plaintiff,

v.                                                          Case No:   6:13-cv-963-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

### REPORT AND RECOMMENDATION

      Plaintiff Robert Follansbee brought this action on behalf of his son, James Franklin

Follansbee, deceased.   Pending before the Court is Plaintiff's Uncontested Motion for

Attorney Fees. (Doc. 28).   On July 8, 2014, the Court entered an Order reversing the

Commissioner's decision and remanding this case to the Commissioner for further

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 26).   On July 9, the

Clerk entered Judgment.  (Doc. 27).   Plaintiff filed this application for attorney's fees on

August 16.   (Doc. 28).   Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents

that he has conferred with counsel for the Commissioner, who has no objection to the

requested relief.

      Plaintiff requests an award of attorney fees in the amount of $3,151.86 under the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), and an additional $400.00 in

costs for the filing fee.   Under the EAJA, a party is eligible for an attorney fee award

where: (1) the party is a prevailing party in a non-tort suit involving the United States; (2)

the Government's position was not substantially justified; (3) the party filed a timely

application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

The Court must first determine who the "prevailing party" actually is in the litigation. Given the style of the complaint, it appears that the decedent's estate is the "prevailing party."   But, because Robert Follansbee is pursuing his own statutory right to payment of the disability insurance benefits allegedly owed to his deceased son, he, not his son's estate, is the "prevailing party" under the EAJA.   See 42 U.S.C. § 404(d)(3), (6); Iannaccone v. Law, 142 F.3d 553, 560 (2d Cir. 1998) (holding that child could proceed pro se against Commissioner in claim for benefits owed deceased parent, because "it is only plaintiff's own interest being litigated because the estate and its creditors are not entitled to the amount of underpayment in dispute").

Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time this proceeding was filed was less than two million dollars.  (Doc. 28 at 2, 6-7).   The schedule of hours attached to the petition confirms Plaintiff's attorney's claimed hours.   (Id. at 13-15).

Plaintiff has provided a copy of his assignment of EAJA fees to his counsel.   (Doc. 28-1).   In light of the assignment, Plaintiff requests that fees should be paid directly to his counsel unless Plaintiff Robert Follansbee[1] owes a federal debt.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

---

[1] Robert Follansbee, and not his son's estate, is the "prevailing party."   Accordingly, any offset of EAJA fees may be based only on any debt Robert Follansbee might owe the government, and not on the debts of his son's estate.

I **RESPECTFULLY RECOMMEND** that, pursuant to the EAJA (28 U.S.C. §2412(d)), the Court **GRANT** Plaintiff's uncontested petition for attorney's fees (Doc. 28) and award a total of **$3,551.86** to be paid out of the judgment fund and to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the Government. This award consists of $3,151.86 in attorney's fees, plus costs of $400.00 for the filing fee.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties